IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **Eddy Bui, Tina Bui, and** § | | |
| **Eddy's Farm, LLC,** § | | |
| *Plaintiffs*, § | | |
| § | | |
| vs. § | | Civil Action No. 19-717 |
| § | | |
| **Chandler Companies, LLC,** § | | |
| *Defendant.* § | | |
| § | | |

**NOTICE OF REMOVAL**

COMES NOW Defendant Chandler Companies, LLC, pursuant to the provisions of 28 U.S.C. §§ 1332 and 1446, appearing specially so as to preserve any and all defenses available under Rule 12, and hereby gives notice of the removal of this action from the District Court for the 20th Judicial District of Texas, Milam County, to the United States District Court for the Western District of Texas, Waco Division. In support of this Notice of Removal, Chandler states as follows:

**I.   Introduction**

1. This case relates to three contracts for roofing services at three large chicken farms owned or operated by Plaintiffs.[1]

2. Plaintiffs signed the contracts and now refuse to permit Chandler to do the work and refuse to pay Chandler the cancellation fee.

3. Plaintiffs Eddy Bui and Tina Bui commenced this action by filing an Original Petition in the District Court for the 20th Judicial District of Texas, Milam County, under Cause

---

[1] The three contracts are individually referred to herein as the "Caldwell," "Old Gause," and "New Gause" contracts. Collectively, they are referred to herein as the "Contracts."

No. CV39857, on or about October 31, 2019. A true and correct copy of the Original Petition is attached hereto as **Exhibit A**.

4. By filing an Amended Original Petition (the "Complaint") in the same cause on November 12, 2019, Eddy's Farm, LLC became a Plaintiff. A true and correct copy of the Complaint is attached hereto as **Exhibit B**.

5. Plaintiffs' Complaint asserts five counts against Chandler. Complaint ¶¶ 11–15.

6. Defendant Chandler invokes this Court's diversity jurisdiction.

7. All of the records from the state docket, Cause No. CV39857, in the 20th District Court of Milam County, Texas, have been attached to this Notice of Removal. A true and correct copy of the state-court case record is attached hereto as **Exhibits A, B, & C**.

## II. The Court has diversity jurisdiction over this action.

8. The Court has original jurisdiction over this case under 28 U.S.C. § 1332(a), as amended, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between (1) citizens of different States."

### A. The Parties are diverse.

9. On information and belief, both Eddy Bui and Tina Bui are citizens of Texas based on their domicile, as they reside in Texas.[2]

10. On information and belief, Eddy's Farm, LLC is a Texas limited liability company with its principal place of business in Texas.[3] For the purpose of diversity jurisdiction,

---

[2] Complaint at ¶2; *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 (1989).

[3] All of the Public Information Reports filed by Eddy's Farm, LLC indicate that the single member of Eddy's Farm, LLC is a citizen of Texas.

2

LLCs are citizens of every state of which its members are citizens.[4] On information and belief, all members of Eddy's Farm, LLC are citizens of Texas.

11. Chandler Companies, LLC, is a Minnesota limited liability company with its principal place of business in Colorado. All of Chandler's members are citizens of Minnesota.

### B. The amount in controversy for Plaintiffs' declaratory relief claim exceeds $75,000.

12. Plaintiffs' Complaint prays for declaratory judgment that the Contracts are void.

13. In a declaratory judgment action, the amount in controversy is the value of the right to be protected or the extent of the injury to be prevented. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).

14. The amount due to Chandler under the Caldwell contract is $1,120,845.00. Exhibit D.

15. The value of the 22% cash-out option on the Calwell contract is $268,028.29. *See* Exhibit D.

16. The value of the Old Gause contract is $770,707.91. Exhibit E.

17. The value of the 22% cash-out option on the Old Gause contract is $169,555.74. *See* Exhibit E.

18. The value of the New Gause contract is $843,234.04. Exhibit F.

19. The value of the 22% cash-out option on the New Gause contract is $185,511.49. *See* Exhibit F.

---

[4] *Winsauer v. UBS Securities, LLC*, No. A-06-ca-98, 2006 WL 8432655, at *2 (W.D. Tex. June 5, 2006); *see also Johnson v. Columbia Prop. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828–29 (9th Cir. 2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Handelsman v. Bedford Village Assocs, Ltd. P'ship*, 213 F.3d 48, 51–2 (2d Cir. 2000); *Cosgrove v. Bartolotta*, 1509 F.3d, 729, 731 (7th Cir. 1998).

20. By addition, the total value of the Contracts is $2,832,252.36.

21. By addition, the total value of the 22% cash-out option on the Contracts is $623,095.52.

22. Therefore, the amount in controversy on Plaintiffs' claim for declaratory relief exceeds $75,000.

> ### C. *The amount in controversy on Plaintiffs' fraud in the inducement, negligent misrepresentation, and fraud by omission claims exceeds $75,000.*

23. By way of their conclusory claims for fraud in the inducement, negligent misrepresentation, and fraud by omission, Plaintiffs appear seek a declaration that the contracts are "void, unenforceable, and unconscionable." Complaint at 5 (Prayer).

24. As indicated above in paragraphs 14 through 21, which are incorporated by reference herein, the value of each of the contracts at issue exceeds $75,000.

25. As further indicated above in paragraphs 14 through 21, which are incorporated by reference herein, the value of the 22% cash-out option also exceeds $75,000 for each of the three contracts at issue.

26. Plaintiffs also seek compensation for loss of use of the contract amounts during the pendency of the lawsuit they filed. Complaint at ¶12.

27. Prejudgment interest is compensation for the loss of use of money. *West Virginia v. United States*, 479 U.S. 305, 310 (1987).

28. A federal court sitting in diversity awards prejudgment interest according to state law. *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1209 (5th Cir. 1993).

29. The current prejudgment interest rate in Texas is 5%. TEX. FINANCE CODE §§ 304.103, 304.004.[5]

30. Plaintiffs complain about the loss of use of $2,832,252.36.

31. Damages for the loss of use of money of which Plaintiffs complain will easily exceed $75,000 in mere months.

32. Therefore, the amount in controversy on Plaintiffs' claims for fraud in the inducement, negligent misrepresentation, and fraud by omission exceeds $75,000, and the Court has diversity jurisdiction over these claims.

### D.   *The amount in controversy on Plaintiffs' DTPA claim exceeds $75,000.*

33. Plaintiffs' DTPA claim seeks a declaration that the Contracts are void. Complaint at ¶14.

34. As indicated above in paragraphs 14 through 21, which are incorporated by reference herein, the value of each of the contracts at issue exceeds $75,000.

35. As indicated above in paragraphs 14 through 21, which are incorporated by reference herein, the value of the 22% cash-out option also exceeds $75,000 for each of the three contracts at issue.

### III.   ADOPTION AND RESERVATION OF DEFENSES

36. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Chandler's rights to assert any defense or affirmative matter, including, but not limited to, (1) insufficiency of process; (2) insufficiency of service of process; (3) improper joinder of claims and/or parties; (4) failure to state a claim; (5) failure to join

---

[5] *See also* https://occc.texas.gov/publications/interest-rates.

indispensable parties; or (6) any other defense available under Federal Rule of Civil Procedure 12 or the Texas Rules of Civil Procedure, state or federal law, or otherwise.

## IV. THIS REMOVAL IS TIMELY

37. Plaintiffs have not served Chandler with process, so this removal is timely. 28 U.S.C. § 1446(b).

## V. ADDITIONAL PROCEDURAL REQUIREMENTS

38. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

39. True and correct copies of "all process, pleadings, and orders" from the state court are filed herewith pursuant to 28 U.S.C. § 1446(a). No other process, pleadings, or orders have been served on Chandler to date in this case.

40. Chandler has not heretofore sought similar relief.

41. Venue is proper in this district under 28 U.S.C. § 1446(d) because the United States District Court for the Western District of Texas, Waco Division is the court embracing the state court where this action was pending.

42. Chandler has provided written notice of the filing of this Notice of Removal to all parties in this action and is filing a copy of this Notice of Removal with the clerk of the state court where the action is pending pursuant to 28 U.S.C. § 1446(d).

43. Chandler reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses that may independently support a basis for removal.

WHEREFORE, PREMISES CONSIDERED, Chandler Companies, LLC prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this

action from the District Court for the 20th Judicial District of Texas, Milam County, to the United States District Court for the Western District of Texas, Waco Division.

Date: December 19, 2019

                                Respectfully submitted,

                                **HUSCH BLACKWELL LLP**

                                /s/ Nicholas D. Stepp
                                Nicholas D. Stepp
                                Texas Bar No. 24077701
                                600 Travis Street, Suite 2350
                                Houston, Texas 77002
                                Tel: (713) 647-6800
                                Fax: (713) 647-6884
                                nick.stepp@huschblackwell.com
                                *Counsel for Defendant Chandler Companies, LLC*

**Of Counsel:**
Jeff Nobles
Texas Bar No. 15053050
HUSCH BLACKWELL LLP
600 Travis Street, Suite 2350
Houston, Texas 77002
Tel: (713) 647-6800
Fax: (713) 647-6884

## CERTIFICATE OF SERVICE

I certify that I have served the counsel indicated below via the CM/ECF system, e-mail, and/or fax on this, the 19th day of December, 2019.

Mel Smith
Law Offices of Mel Smith, Esq.
5315-B Cypress Creek Parkway, #125
Houston, Texas 77069
Tel: 281-893-4284
mel@mlsesq.com

Mark Humble
203 N. Houston Ave.
Cameron, Texas 76520
Tel: 254-697-3454
Fax: 254-697-4928

                                      /s/ Nicholas D. Stepp
                                      Nicholas D. Stepp